# Illinois Official Reports

## Appellate Court

*HSBC Bank USA, National Ass'n v. Rowe*, 2015 IL App (3d) 140553

| | |
|---|---|
| Appellate Court Caption | HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-3, Plaintiff-Appellee, v. SCOTT ROWE; NANCI ROWE, a/k/a Nanci L. Rowe; BENEFICIAL ILLINOIS INC.; PORTFOLIO RECOVERY ASSOCIATES LLC; WHEATLAND HOMEOWNERS ASSOCIATION; CITY OF AURORA; UNKNOWN OWNERS and NONRECORD CLAIMANTS, Defendants-Appellants. |
| District & No. | Third District<br>Docket No. 3-14-0553 |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | May 21, 2015<br><br>June 23, 2015<br>June 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 2010-CH-7142; the Hon. Thomas A. Thanas, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Joseph M. Williams, of Winfield, and Nanci Rowe and Scott Rowe, both of Aurora, *pro se*, for appellants.<br><br>Jena M. Valdetero and Katharine Lessaris, both of Bryan Cave LLP, of Chicago, and Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellee. |

JUSTICE LYTTON delivered the judgment of the court, with opinion. Justices Carter and Schmidt concurred in the judgment and opinion.

## OPINION

¶ 1    Plaintiff, HSBC Bank USA, filed a complaint to foreclose the mortgage against defendants, Scott and Nanci Rowe. Pursuant to plaintiff's motion, the trial court struck defendants' affirmative defense of lack of standing. The court also denied defendants' motion to deem their requests for admissions admitted. After granting summary judgment on the complaint, the court entered a judgment for foreclosure and sale. Defendants appeal, arguing that the court: (1) erred in granting summary judgment; and (2) abused its discretion in denying defendants' motion to deem requests admitted. We affirm.

¶ 2                                            FACTS

¶ 3    On November 18, 2010, plaintiff filed a complaint to foreclose the mortgage against defendants. In section D of the complaint, "Mortgage Electronic Registration Systems, Inc. [(MERS),] as nominee for Mortgage[I]t, Inc.," was named as the original mortgagee. Section N of the complaint read: "Capacity in which Plaintiff brings this foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208."

¶ 4    Plaintiff attached copies of the promissory note and mortgage as exhibits to the complaint. The promissory note was executed by Scott Rowe in favor of MortgageIt, Inc., and was in the amount of $335,250. The first page of the copy of the note was signed and stamped by MortgageIt, certifying that it was a "true and correct copy of the original." Only Scott Rowe's signature appeared on the note, with no other markings on the signature page. To secure repayment of the note, the mortgage was executed the same day in favor of MERS, the mortgagee and nominee for MortgageIt.

¶ 5    On December 12, 2012, defendants filed an amended answer and an affirmative defense of lack of standing. Defendants alleged plaintiff lacked standing to pursue the foreclosure because: (1) plaintiff had not attached an assignment of mortgage to the complaint; (2) the assignment for the mortgage from MERS to plaintiff was invalid; and (3) plaintiff had no valid interest in the note.

¶ 6    Plaintiff filed a motion to strike defendants' affirmative defense of lack of standing. Plaintiff argued that the note and mortgage were legally inseparable. Plaintiff attached to its motion a second copy of the note. This copy of the note did not contain the "true and correct" stamp on the first page, but did include an indorsement in blank below Scott Rowe's signature. At a March 13, 2013, hearing, plaintiff produced the original note and mortgage in open court. Defendants withdrew their affirmative defense of lack of standing, and plaintiff's motion to strike the affirmative defense was declared moot, with defendants given 21 days to replead affirmative defenses.

¶ 7    On April 3, 2013, defendants filed their third affirmative defense, alleging again that plaintiff lacked standing to foreclose. Defendants posited, *inter alia*, that "[t]he Trojan Assignment surreptitiously inserted at Par. 'Q' of the Mortgage is void *ab initio* and confers

no interest in the Legal Title to the property or the Note to M.E.R.S., Inc." Paragraph Q of the mortgage defines "Successor in Interest of Borrower" as "any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument." Defendants also alleged that the memorialized assignment of the note to plaintiff was a "made-to-order fraud on the [trial] Court and exists as a criminal cloud on title." Defendants claimed that the assignment of the mortgage by MERS, which it attached as exhibit No. 1, was invalid because it did not include plaintiff's name. Plaintiff again responded with a motion to strike the affirmative defense, this time attaching the note and the written assignment of the note to plaintiff. The trial court granted the motion to strike.

¶ 8        On July 30, 2013, defendants served plaintiff with requests for admission of facts and of genuineness of documents pursuant to Illinois Supreme Court Rule 216 (eff. May 1, 2013). Plaintiff, having been granted a 28-day extension, filed its response to defendants' requests on September 27. In its response, plaintiff, through its attorneys, objected generally to the request on the grounds that defendants had not complied with Supreme Court Rule 216. Specifically, plaintiff asserted that defendants had not sent the requests as a separate document, as required by the rule.

¶ 9        Plaintiff also objected individually to each request to admit the genuineness of documents and all but 2 of 22 requests for admission of fact. Plaintiff objected to each request to admit the genuineness of documents as vague, confusing, or not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff objected to the requests for admissions of facts on the same grounds. Many objections found in plaintiff's response are followed by the phrase, "[w]ithout waiving said objection, Plaintiff," followed by plaintiff's response to the request in the form of a denial or admission. Plaintiff's responses were not sworn.

¶ 10        On February 24, 2014, defendants filed a motion to deem the requests admitted. Defendants argued that because plaintiff's responses were not sworn and were otherwise nonresponsive, Supreme Court Rule 216 dictated that the requests be deemed admitted. The trial court denied the motion, as well as the subsequent motion to reconsider.

¶ 11        On January 24, 2014, plaintiff filed a motion for summary judgment, as well as a motion for entry of a judgment for foreclosure and sale. In their response, defendants again asserted that plaintiff lacked standing, thus rendering summary judgment improper. In particular, defendants claimed that the complaint was insufficient for failure to contain a statement as to the current mortgage and that MERS could not validly assign the mortgage. At oral argument on the motion for summary judgment, plaintiff produced the original note in open court for the second time. The court granted summary judgment and entered a separate judgment for foreclosure and sale.

¶ 12                                            ANALYSIS

¶ 13        On appeal, defendants argue that plaintiff's complaint was statutorily insufficient. Defendants contend that by this failure to properly plead the complaint, plaintiff failed to establish standing, a justiciable matter, and, in turn, subject matter jurisdiction. Relatedly, defendants' claim that the entry of summary judgment was improper where genuine questions of material fact regarding ownership of the note had been raised. Finally, defendants argue that the trial court abused its discretion in denying defendants' motion to

treat their requests for admissions as admitted. We find each of these arguments without merit.

¶ 14                                    I. Summary Judgment

¶ 15        Summary judgment is appropriate where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010). We review the grant of summary judgment *de novo*. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 13.

¶ 16                                      A. Complaint

¶ 17        The Illinois Mortgage Foreclosure Law establishes the formal requirements of a foreclosure complaint. 735 ILCS 5/15-1504 (West 2010). The statute requires that a complaint include, *inter alia*, the name of the mortgagee (735 ILCS 5/15-1504(a)(3)(D) (West 2010)) and the capacity in which the plaintiff brings the complaint (735 ILCS 5/15-1504(a)(3)(N) (West 2010)). Defendants contend that plaintiff "failed to plead who was *current* Mortgagee at the time of filing of the Complaint" (emphasis in original), as required by statute, and thus failed "to set out any interest in the cause in the interest of HSBC."

¶ 18        Plaintiff's complaint sets forth MERS, as nominee for MortgageIt, as the "Name of the original mortgagee." A subsequent section of the complaint read: "Capacity in which Plaintiff brings this foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208." Plaintiff's complaint complies with the statutory requirements.

¶ 19                                   B. Copies of the Note

¶ 20        Defendants also maintain that a genuine issue existed as to the holder of the note where two copies of the note introduced by plaintiff at separate times during the litigation contained different markings. Defendants point out that the copy of the note attached to the original complaint was signed only by Scott Rowe. The first page of that copy of the note was signed and stamped by MortgageIt, certifying that it was a "true and correct" copy of the original. The copy of the note later attached to plaintiff's motion to strike affirmative defenses, however, did not contain that certification stamp. Instead, that note was indorsed in blank on the final page–beneath Scott Rowe's signature–via stamp and signature from MortgageIt. Defendants maintain that this discrepancy between the two copies created a genuine issue of material fact as to who owned the note.

¶ 21        A note is a negotiable instrument as defined by section 3-104 of the Uniform Commercial Code (Code), as adopted by Illinois. 810 ILCS 5/3-104 (West 2010). A negotiable instrument is an unconditional promise to pay a fixed amount of money; it is "payable to bearer or to order at the time it is issued or first comes into possession of a holder." 810 ILCS 5/3-104(a)(1) (West 2010). Section 3-205 of the Code states that "[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed." 810 ILCS 5/3-205(b) (West 2010). Further, it is a long-standing rule that "possession of bearer paper is *prima facie* evidence of title thereto, [citation] and sufficient to entitle the plaintiff to a decree of foreclosure." *Joslyn v. Joslyn*, 386 Ill. 387, 395 (1944). Attachment of the note to the complaint is *prima facie* evidence that

the plaintiff owns the note. *Rosestone Investments*, *LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 26.

¶ 22 Plaintiff here plainly established a *prima facie* case that it held title to the note by attaching it to the complaint. Despite defendants' contentions, the second copy of the note–attached to plaintiff's motion to strike–does not raise any questions as to who holds title to the note. The possession of a note indorsed in blank remains payable to the bearer. 810 ILCS 5/3-205 (West 2010). In other words, under both versions of the note, plaintiff held title as a result of its possession of the instrument. While the nonidentical copies do raise some questions–such as, at what point in time the note attached to the complaint was copied[1]–these questions are immaterial to the issue of ownership and standing.

¶ 23 We find that no genuine issues of material fact existed as relating to plaintiff's satisfaction of the statutory pleading requirements or to the issue of ownership of the note. The trial court's grant of summary judgment was proper.

¶ 24                                  II. Requests for Admission

¶ 25 Defendants also argue that the trial court abused its discretion in denying their motion to deem their requests for admissions admitted. Defendants contend that plaintiff's response to the requests did not comply with Illinois Supreme Court Rule 216(g) (eff. May 1, 2013) and were otherwise nonresponsive and made in bad faith. Defendants maintain that these infirmities required the trial court to deem the requests admitted.

¶ 26 Supreme Court Rule 216 governs requests for admissions of fact or of the genuineness of documents. Subsection (c) of that rule, entitled "Admission in the Absence of Denial," holds:

> "Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, the party shall specify so much of it as is true and deny only the remainder. Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request. The response to the request, sworn statement of denial, or written objection, shall be served on all parties entitled to notice." Ill. S. Ct. R. 216(c) (eff. May 1, 2013).

---

[1]We also note that Illinois Supreme Court Rule 113(b) (eff. May 1, 2013) requires that "a copy of the note, as it currently exists, including all indorsements and allonges" must be attached to the complaint at the time of filing. However, this rule became effective on May 1, 2013, well after the 2010 complaint in the present case. The failure to attach to the complaint a copy of the note bearing MortgageIt's indorsement in blank, therefore, did not cause plaintiff to run afoul of any pleading standards.

¶ 27     Initially, defendants contend that plaintiff's response to their request for admissions was noncompliant in that they were not sworn to. Rule 216(c) only requires a sworn statement where a party denies the matters for which admission is requested. Written objections need not be sworn to by the responding party. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 355 (2007) ("[T]he plain language of the rule states that the party to whom the requests to admit are directed must serve upon the requesting party either a sworn statement denying the matters of which admission is requested or written objections which need not be sworn." (Internal quotation marks omitted.)).

¶ 28     More broadly, defendants contend that plaintiff's response was not made in good faith. Defendants maintain that plaintiff's blanket objections rendered the response wholly nonresponsive, and argue that the requests for admission should thus be deemed admitted pursuant to Supreme Court Rule 216(c).

¶ 29     "[A] party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons and documents within the responding party's reasonable control." *Szczeblewski v. Gossett*, 342 Ill. App. 3d 344, 349 (2003). Where a party responds to requests for admissions in the form of objections to those requests, it is the duty of the requesting party to raise the issue of the objection in a motion before the trial court. *La Salle National Bank of Chicago v. Akande*, 235 Ill. App. 3d 53, 67 (1992). Indeed, Supreme Court Rule 216 itself states that "[a]ny objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." Ill. S. Ct. R. 216(c) (eff. May 1, 2013).

¶ 30     In the case at hand, defendants' claims that plaintiff's responses were nonresponsive and made in bad faith have substantial merit. Defendants requested that plaintiff admit the genuineness of five documents, attaching each of those five documents to their request. Plaintiff objected to two of these requests as vague, and objected to the remaining three requests as both vague *and* confusing. This court fails to see how such simple requests could be categorized as either. However, any insufficiency in plaintiff's objections would not be cause to treat defendants' requests as admitted.

¶ 31     Given the shortfalls of plaintiff's responses, defendants' proper remedy would have been to promptly bring a motion in the trial court challenging the propriety of the objections. See Ill. S. Ct. R. 216(c) (eff. May 1, 2013). Instead, defendants sought to have the requests deemed admitted, despite the outstanding objections. This court is aware of no case law–and defendants have cited none–that supports the contention that a trial court may forego ruling on objections and simply deem the matters objected to admitted. Indeed, such a position would run counter to our supreme court's stated policy goal of adjudicating cases on their merits rather than on technicalities. *Haas*, 226 Ill. 2d at 352. Accordingly, we find that the trial court did not abuse its discretion in denying defendants' motion to deem requests for admission admitted.

¶ 32                                          CONCLUSION

¶ 33     The judgment of the circuit court of Will County is affirmed.

¶ 34     Affirmed.