2016 IL App (1st) 152931

FIFTH DIVISION
April 22, 2016

No. 15-2931

|  |  |  |
|---|---|---|
| | ) | Appeal from the |
| WELLS FARGO BANK, N.A., | ) | Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14 CH 4761 |
| | ) | |
| IAN MUNDIE and JACQUELINE MUNDIE, | ) | |
| | ) | Honorable |
| Defendants-Appellants. | ) | Michael Mullen, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Gordon and Lampkin concur in the judgment and opinion.

**OPINION**

¶ 1     Defendants Ian and Jacqueline Mundie appeal from the circuit court of Cook County's order denying their motion to dismiss which was brought pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)).  On appeal, defendants contend that the circuit court erred in denying their motion because plaintiff Wells Fargo Bank, N.A., insufficiently plead that it had the capacity to sue as a "mortgagee."  For the reasons that follow we conclude an allegation that a plaintiff is a mortgagee pursuant to section 15-1208 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1208 (West 2014)) is sufficient to plead capacity to sue and, accordingly, we affirm the judgment of the circuit court.

¶ 2                                         BACKGROUND

¶ 3      This matter commenced as a mortgage foreclosure action pursuant to the Foreclosure

Law (735 ILCS 5/15-1501 *et seq.* (West 2014)).  Plaintiff filed a complaint on March 19, 2014,

alleging defendants were in default for failure to make payments toward the mortgage on the

property located at 533 Fairview Circle in Schaumburg (the property).  Using the statutory form

complaint (735 ILCS 5/15-1504 (West 2014)), plaintiff alleged, "Capacity in which Plaintiff

brings this foreclosure: Plaintiff is the Mortgagee under 735 ILCS 5/15-1208."  Attached to the

complaint were copies of the mortgage and note.  The note was endorsed in blank.

¶ 4      Defendants filed an appearance in the matter and thereafter filed a motion to dismiss

pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)).  Defendants requested

the circuit court "strike" portions of the complaint due to plaintiff's failure to sufficiently plead

its capacity to sue as required under section 15-1504 of the Foreclosure Law.  According to

defendants, plaintiff could not qualify as the holder of the indebtedness because the note listed a

different entity as the lender.  Defendants further argued that plaintiff's allegation that it was the

"mortgagee" provided no indication of plaintiff's interest in the loan.  On August 28, 2014, the

circuit court denied defendants' motion without stating a basis.  The record on appeal contains no

transcript of the hearing.  Defendants were provided 28 days to answer the complaint.

¶ 5      Defendants subsequently answered the complaint and asserted as affirmative defenses:

(1) lack of standing in that plaintiff did not demonstrate it was the holder of an "original properly

negotiated note"; (2) lack of consideration in that plaintiff did not pay the original mortgagor,

Washington Mutual Bank, in exchange for the note; and (3) lack of privity to contract as

defendants did not execute a contract with plaintiff.  On October 1, 2014, plaintiff filed a motion

to strike the affirmative defenses.  On December 1, 2014, after plaintiff presented the original

note in court, the circuit court allowed defendants to withdraw with prejudice their affirmative defenses and, as a result, plaintiff withdrew its motion as moot.

¶ 6   On January 22, 2015, plaintiff moved for summary judgment and judgment of foreclosure. The parties entered into a briefing schedule on the motion for summary judgment. After the matter was fully briefed, the trial court granted plaintiff's motion for summary judgment and a judgment of foreclosure was entered.[1]  The property was sold at a judicial sale on August 14, 2015. The sale was confirmed by the circuit court on September 17, 2015, and an order of possession was entered. This appeal followed.

¶ 7                                         ANALYSIS

¶ 8   A motion to dismiss pursuant to section 2-615 of the Code attacks the legal sufficiency of a complaint by alleging defects on the face of the complaint. *Id.*; *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). When ruling on a section 2-615 motion, the relevant question is whether the allegations in the complaint, construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Canel v. Topinka*, 212 Ill. 2d 311, 317 (2004). Exhibits attached to a complaint become part of the pleading for a motion to dismiss. *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 18. A motion to dismiss should not be granted "unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161 (2009). Illinois is a fact-pleading state; conclusions of law and conclusory allegations unsupported by specific facts are not sufficient to survive dismissal. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996). We review the dismissal of a complaint pursuant to section 2-615 *de novo*. *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, ¶ 64. *De novo* consideration means we perform the same

---

[1] The record does not contain a copy of defendant's response brief to the motion for summary judgment, but does include a copy of plaintiff's reply.

analysis that a trial court would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 9    Defendants argue that the allegation that plaintiff was a mortgagee was insufficient, because section 15-1504(a)(3)(N) requires plaintiff to plead specifically whether it is the holder of the indebtedness, a pledgee, an agent, the trustee under a trust deed, or in what other capacity it acts. 735 ILCS 5/15-1504(a)(3)(N) (West 2014). According to defendants, plaintiff's allegation that it was a mortgagee lacked the required specificity because plaintiff did not "choos[e] from the examples" listed in section 15-1504(a)(3)(N). Defendant further argues that the definition of mortgagee in section 15-1208 of the Foreclosure Law provides "four different scenarios for which one can be a mortgagee" and "says nothing about capacity."

¶ 10    The Foreclosure Law establishes the formal pleading requirements of a foreclosure complaint. 735 ILCS 5/15-1504 (West 2014); *PNC Bank, National Ass'n v. Zubel*, 2014 IL App (1st) 130976, ¶ 14. Section 15-1504(a) provides that a complaint *may* be in substantially the form prescribed by statute, and section 15-1504(a)(3)(N) requires the plaintiff to state the capacity in which it brings the foreclosure. 735 ILCS 5/15-1504(a)(3)(N) (West 2014). In parentheses section 15-1504(a)(3)(N) suggests the alternatives of legal holder of the indebtedness, pledgee, agent, trustee under a trust deed "or otherwise, as appropriate." *Id.*

¶ 11    Although "mortgagee" is not listed in section 15-1504(a)(3)(N), the use of the parenthetical along with the phrase, "or otherwise, as appropriate" (*id.*) indicates that the list provided is not all inclusive. Looking to the statute as a whole, section 15-1208 of the Foreclosure Law defines a "mortgagee" as "(i) the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage or any person designated or authorized to act on behalf of such holder and (ii) any person claiming through a mortgagee as successor." 735 ILCS

5/15-1208 (West 2014). Such a definition is sufficient to set forth a plaintiff's capacity in bringing a foreclosure cause of action under the Foreclosure Law. See *HSBC Bank USA, National Ass'n v. Rowe*, 2015 IL App (3d) 140553, ¶ 18 (concluding that where the plaintiff had alleged its capacity as " 'Mortgagee under 735 ILCS 5/15-1208,' " its complaint complied with the statutory requirements); *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶¶ 35-37 (where the plaintiff plead it was the mortgagee and attached the note and mortgage with a specific endorsement to the plaintiff, the complaint complied with section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2010)); *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 20 (concluding the plaintiff complied with the statutory form complaint when it pled it was the mortgagee and attached a copy of the mortgage, note, and merger documents to the complaint); *Aurora Bank FSB v. Perry*, 2015 IL App (3d) 130673, ¶¶ 23-26 (concluding the plaintiff, an assignee, had capacity to bring the foreclosure action where it alleged in the complaint it was the mortgagee and proved its capacity as the holder of the indebtedness by being the barer of the note); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010) (finding the plaintiff had standing to bring the foreclosure action where it alleged it was "the mortgagee" and thus "satisfied the statutory definition of a mortgagee, which goes beyond just note holders to also encompass 'any person designated or authorized to act on behalf of such holder' " (quoting 735 ILCS 5/15-1208 (West 2008))).

¶ 12     Moreover, by attaching copies of the mortgage and a note endorsed in blank to the complaint, plaintiff sufficiently plead that it was bringing suit in the capacity of legal holder of the indebtedness. See *Rosestone Investments, LLC v. Garner,* 2013 IL App (1st) 123422, ¶ 24; *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24 (attaching the note the complaint is *prima facie* evidence that the plaintiff owns the note).

¶ 13    In conclusion, we find that by alleging its capacity as "mortgagee" plaintiff complied with the Foreclosure Law's pleading requirements and, thus, the trial court did not err when it denied defendants' motion to dismiss.  See *Rowe,* 2015 IL App (3d) 140553, ¶ 18.

¶ 14                                CONCLUSION

¶ 15    For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

¶ 16    Affirmed.