NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 241504-U

NO. 4-24-1504

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 22, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Marshall County |
| JOHN STACHEWICZ and NANCY STACHEWICZ, | ) | No. 22FC4 |
|     Defendants-Appellants. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | James A. Mack and |
| | ) | Paul E. Bauer, |
| | ) | Judges Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Steigmann and Lannerd concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed the trial court's grant of summary judgment in favor of plaintiff in its foreclosure action against defendants where plaintiff possessed a note endorsed in blank and defendants contested only plaintiff's standing. The appellate court affirmed the court's order confirming the sale where no language was missing from the foreclosure judgment, defendants received required notices, and the foreclosure judgment complied with applicable statutory provisions.

¶ 2     In 2022, plaintiff, U.S. Bank National Association, filed a foreclosure complaint against defendants, John and Nancy Stachewicz. Defendants filed a motion to dismiss for lack of standing, which the trial court denied. Plaintiff filed a motion for summary judgment, which the court granted. Thereafter, the court entered a judgment of foreclosure. The property was sold, and the court entered an order approving the report of sale and distribution, confirming the sale and evicting defendants. Defendants appeal, arguing that the court erred in granting summary judgment

to plaintiff and confirming the sale of the property. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4         On April 4, 2022, plaintiff filed a complaint to foreclose mortgage against defendants. Plaintiff alleged the following facts in the complaint. The mortgaged property is located at 1213 Third Street in Lacon, Illinois. Plaintiff obtained a mortgage and note on the property in July 2007 from Mortgage Electronic Registration Systems, Inc. (MERS), as nominee of Shelter Mortgage Company, LLC. Defendants failed to pay the monthly installments under the loan and note beginning on November 1, 2013. Plaintiff is the current mortgagee "as trustee for the RMAC Trust, Series 2016-CTT" and "the holder of the indebtedness based on the attached Note which has already been duly endorsed and which is incorporated herein by reference." The mortgage and note were attached to the complaint. The note was first endorsed by Shelter Mortgage Company, LLC, and payable to Guaranty Bank, FSB. Thereafter, Guaranty Bank FSB assigned the note to Wells Fargo. Wells Fargo then endorsed the note in blank.

¶ 5         Defendants filed an answer, asserting as an affirmative defense that plaintiff lacked standing to foreclose. Defendants also filed a motion to dismiss based on lack of standing. Plaintiff filed a motion to strike defendants' affirmative defense, which the trial court granted, striking the affirmative defense with prejudice.

¶ 6         In March 2023, defendants filed a counterclaim, alleging deceptive practices because "Plaintiff is not the owner of the Mortgage in its Complaint." Defendants further asserted: "Capacity to bring this foreclosure is not vested in the Plaintiff's RMAC 2016-ctt trust." Plaintiff filed a response, asserting that it is "the mortgagee, holder of the indebtedness, and trustee of the RMAC TRUST, SERIES 2016-CTT." Plaintiff also denied that it "does not have capacity to bring this foreclosure."

¶ 7        In August 2023, plaintiff filed a motion for summary judgment against defendants as to plaintiff's complaint and defendants' counterclaims. Approximately two weeks later, defendants filed a motion to admit discovery and another motion to dismiss, arguing that plaintiff lacked standing to foreclose. Attached to the motion to admit discovery were many documents, including purported correspondence from plaintiff to defendants, purported correspondence from Rushmore Loan Services, LLC (Rushmore), to defendants, and several articles from Internet sources, including Yahoo and Google, about promissory notes, mortgages, and foreclosures. Plaintiff filed a response to defendants' motion to dismiss, asserting that it was untimely.

¶ 8        In September 2023, plaintiff filed a motion for judgment of foreclosure. Attached thereto were documents establishing the following assignments of plaintiff's mortgage: (1) in 2013, by MERS, as nominee for Shelter Mortgage Company, to Wells Fargo Bank, NA; (2) in 2016, from Wells Fargo Bank, NA, to Specialized Loan Servicing LLC; and (3) in 2017, from Specialized Loan Servicing LLC to plaintiff. Defendants filed an "answer" to plaintiff's motion for summary judgment, again seeking dismissal of the action based on plaintiff's alleged lack of standing. Attached to defendants' answer was an affidavit from Nancy referencing correspondence Rushmore allegedly sent to her and John in 2023, purportedly establishing that Rushmore possessed the note plaintiff attached to its foreclosure complaint.

¶ 9        On November 29, 2023, the trial court, Judge James A. Mack presiding, held a hearing on all pending motions. Plaintiff argued that the court should (1) deny defendants' motion for additional discovery because the documents attached to the motion consisted of unauthenticated and irrelevant documents and correspondence, many of which constituted inadmissible hearsay, (2) deny defendants' motion to dismiss as untimely and lacking merit because plaintiff had standing to bring the foreclosure action as holder of the note, and (3) grant

- 3 -

plaintiff's motion for summary judgment because there were no disputed factual issues, there were no counteraffidavits, and plaintiff possessed a "blank signed note." Plaintiff argued that defendants never disputed the amounts due and owing, default, or breach but only "raised vague arguments regarding services or standing." Defendants asserted that they received correspondence in 2017 indicating that their mortgage had been sold to Rushmore. Plaintiff objected on hearsay grounds. Defendants responded: "These documents are not hearsay." The court ruled that the documents were hearsay and inadmissible.

¶ 10      In its oral pronouncements, the trial court stated: "Well, with regards to the motion to admit the documents, it is not a proper motion, so I'm going to deny that. The motion to dismiss is filed after an answer was filed, so it is untimely. I'm going to order that that be stricken." The court further ruled: "Based on the filings, the arguments that have been made here today, I am going to grant the motion for summary judgment in favor of the Plaintiff." The court then entered a written order denying defendants' motion to admit discovery, striking defendants' motion to dismiss, and granting plaintiff's motion for summary judgment.

¶ 11      On December 4, 2023, the trial court, Judge Paul E. Bauer presiding, entered a judgment of foreclosure in favor of plaintiff and against defendants. On December 26, 2023, defendants filed motions to vacate the court's summary judgment order and judgment of foreclosure, again asserting that plaintiff was not the owner of the mortgage or note. Defendants also filed affidavits alleging that they were not properly served with the "Order of Summary Judgment and an Order to Foreclose." Following a hearing on January 29, 2024, the court denied defendants' motions.

¶ 12      On February 13, 2024, plaintiff filed a notice of sheriff sale, which was scheduled to take place on March 4, 2024. On March 4, 2024, defendants filed an objection to the sale. On

- 4 -

March 8, 2024, plaintiff filed a motion for (1) an order approving the report of sale and distribution and (2) an eviction order. Attached thereto were the sheriff's certificate of sale, the report of sale and distribution, and the receipt of sale. On April 8, 2024, defendants, now represented by counsel, filed an objection to confirmation of the sale, asserting that (1) "[t]here was no enforceable order to sell the property" because the trial court's orders did not include language pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016), (2) John did not receive notice of "the Judgment of Foreclosure," (3) the judgment of foreclosure did not comply with statutory requirements, and (4) plaintiff was not the owner of the loan or mortgage. On May 15, 2024, the court entered an order approving the report of sale and distribution, confirming the sale and evicting defendants.

¶ 13 Two weeks later, defendants filed a motion to reconsider and vacate the trial court's May 15, 2024, order and all orders leading thereto, or, alternatively, for a stay pending appeal, making the same arguments they made in their objection to confirmation of the sale. On November 4, 2024, the court (1) denied defendants' motion to reconsider, (2) denied defendants' request for a stay of judgment pending appeal without prejudice, and (3) granted defendants' request for a stay of possession through and including November 30, 2024. Thereafter, defendants filed a renewed request for a stay of all orders pending appeal. The record on appeal does not contain an order granting or denying that request.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 Defendants appeal two orders: (1) the order granting plaintiff's motion for summary judgment, which resulted in an order of foreclosure and sale, and (2) the order confirming the sale of the property.

¶ 17 "In Illinois, foreclosure proceedings are governed by the Foreclosure Law [(735

ILCS 5/15-1501 *et seq.* (West 2022))].” *PNC Bank, National Ass'n v. Zubel*, 2014 IL App (1st) 130976, ¶ 14. Section 15-1504 of the Foreclosure Law sets forth the pleading and service requirements to initiate a mortgage foreclosure action. *Zubel*, 2014 IL App (1st) 130976, ¶ 14. A foreclosure complaint is “sufficient” if the plaintiff attaches a copy of the mortgage and note to it and sets forth certain information in the complaint, including the name of the mortgagee and the “[c]apacity in which plaintiff brings this foreclosure.” See 735 ILCS 5/15-1504(a)(2), (3), (b) (West 2022).

¶ 18        Section 15-1507(a) provides that “upon entry of a judgment of foreclosure, the real estate which is the subject of the judgment shall be sold at a judicial sale in accordance with this Section 15-1507.” 735 ILCS 5/15-1507(a) (West 2022). The mortgagee or other party designated by the trial court must give notice of the sale to the parties and the public. 735 ILCS 5/15-1507(c) (West 2022). Following the judicial sale, “[t]he person conducting the sale shall promptly make a report to the court, which report shall include a copy of all receipts and, if any, certificate of sale.” 735 ILCS 5/15-1508(a) (West 2022). Then, upon motion and notice, “the court shall conduct a hearing to confirm the sale.” 735 ILCS 5/15-1508(b) (West 2022). The court must confirm the sale unless it finds that (1) notice required by section 15-1507(c) was not given, (2) the sale's terms were unconscionable, (3) the sale was fraudulently conducted, or (4) “justice was otherwise not done.” 735 ILCS 5/15-1508(b) (West 2022). A sale may be set aside if any party entitled to notice did not receive the notice required by section 15-1507(c). 735 ILCS 5/15-1508(c) (West 2022). However, no sale shall be held invalid or set aside because of any other defect in notice. 735 ILCS 5/15-1508(d) (West 2022).

¶ 19                    A. Summary Judgment Order

¶ 20        Summary judgment is appropriate “if the pleadings, depositions, and admissions on

- 6 -

file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2022). Summary judgment is a drastic measure and should only be granted when the moving party's right to judgment is "clear and free from doubt." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). We review a trial court's entry of summary judgment *de novo*. *Outboard Marine Corp.*, 154 Ill. 2d at 102.

¶ 21 Defendants contend that the trial court erred in granting summary judgment to plaintiff because plaintiff lacked standing to bring the foreclosure action. "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999). "The doctrine assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson*, 188 Ill. 2d at 221. "[S]tanding requires some injury in fact to a legally cognizable interest." *Glisson*, 188 Ill. 2d at 221. A party's standing is determined "as of the time the suit is filed." *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 15. Lack of standing is an affirmative defense that the defendant has the burden of pleading and proving. *Gilbert*, 2012 IL App (2d) 120164, ¶ 15.

¶ 22 When a note contains a blank endorsement, it is payable to the bearer and negotiated by transfer of possession alone. 810 ILCS 5/3-205(b) (West 2022). The transfer of a note constitutes an assignment of the mortgage securing the debt, and the bearer of the note is deemed the mortgagee. *U.S. Bank Trust National Ass'n v. Hernandez*, 2017 IL App (2d) 160850, ¶ 18; see 735 ILCS 5/15-1208 (West 2022) (defining "mortgagee" as "the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage"). A mortgagee has standing to file a foreclosure action. *Wells Fargo Bank, N.A. v. Mundie*, 2016 IL App (1st) 152931, ¶ 11; *Gilbert*, 2012 IL App (2d) 120164, ¶ 15. Thus, when the plaintiff pleads that it is the mortgagee and attaches

a copy of the note endorsed in blank to the complaint, the plaintiff has sufficiently established its standing to bring a foreclosure action. See *Hernandez*, 2017 IL App (2d) 160850, ¶ 18; *Mundie*, 2016 IL App (1st) 152931, ¶¶ 11-13; see also *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24 ("The mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff owns the note.").

¶ 23        Here, plaintiff alleged in its complaint that it was the mortgagee and holder of the indebtedness and attached to its foreclosure complaint the mortgage and the note, which was endorsed in blank. Thus, plaintiff established that it had standing to bring its foreclosure action. See *Hernandez*, 2017 IL App (2d) 160850, ¶ 18; *Mundie*, 2016 IL App (1st) 152931, ¶¶ 11-13.

¶ 24        Defendants, however, contend that they received correspondence from plaintiff and Rushmore establishing that Rushmore, rather than plaintiff, had standing to file this foreclosure action as the entity servicing their mortgage. Defendants raised this issue in the trial court, and the court refused to examine the purported correspondence, finding it was inadmissible hearsay. Defendants assert that the court's ruling was incorrect. We agree with the court's decision not to consider the correspondence as evidence.

¶ 25        "A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule." *In re Marriage of Kutinac*, 182 Ill. App. 3d 377, 384 (1989). The proponent of the evidence bears the burden of establishing that it falls within a hearsay exception. See *Kutinac*, 182 Ill. App. 3d at 384. Where the party seeking admission of a letter into evidence fails to cite an exception to the hearsay rule and show that the exception applies, the letter constitutes "inadmissible hearsay." *Kutinac*, 182 Ill. App. 3d at 384. Even if a party successfully establishes that a letter is admissible under a hearsay exception, the proponent of the evidence must still demonstrate the letter's authenticity and lay a proper foundation for its admission into

evidence. *Greaney v. Industrial Comm'n*, 358 Ill. App. 3d 1002, 1012 (2005).

¶ 26    In this case, the trial court properly found the letters to be inadmissible hearsay. See *Kutinac*, 182 Ill. App. 3d at 384. Thus, they could only be admitted into evidence if defendants established that an exception to the hearsay rule applied. See *Kutinac*, 182 Ill. App. 3d at 384. However, defendants never asserted that a hearsay exception applied, maintaining only that the letters "were not hearsay." Additionally, defendants failed to demonstrate the authenticity of the letters or lay a proper foundation for their admission. See *Greaney*, 358 Ill. App. 3d at 1012. Instead, defendants merely attached the letters to an improper "motion to admit discovery." For these reasons, the court properly refused to consider the letters as evidence. See *Kutinac*, 182 Ill. App. 3d at 384; *Greaney*, 358 Ill. App. 3d at 1012.

¶ 27    Lack of standing was the sole issue defendants raised in opposition to plaintiff's motion for summary judgment, supported only by the correspondence attached to defendants' motion to admit discovery. Because that evidence was inadmissible, defendants failed to present any evidence to rebut plaintiff's *prima facie* showing of standing as the mortgagee and holder of the note. See *Hernandez*, 2017 IL App (2d) 160850, ¶¶ 19, 24-25. As a result, the trial court properly granted summary judgment to plaintiff.

¶ 28                            B. Order Confirming Sale

¶ 29    Defendants argue that the trial court's order confirming the sale of the mortgaged property must be reversed because (1) the judgment of foreclosure did not contain Rule 304(a) language, (2) John did not receive notice of the foreclosure judgment, and (3) the foreclosure judgment did not comply with statutory requirements. Trial courts have broad discretion in approving or disproving judicial sales, and the court's decision to confirm a sale will not be disturbed absent an abuse of discretion. *Mortgage Electronic Registration Systems, Inc. v. Barnes*,

406 Ill. App. 3d 1, 4 (2010).

¶ 30                                        1. *Rule 304(a) language*

¶ 31            Defendants first argue that "justice was not otherwise done" because the trial court's judgment of foreclosure and sale did not include language from Rule 304(a).

¶ 32            Rule 304(a) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. March 8, 2016).

"Rule 304(a) allows a court the discretion to make an order appealable which does not terminate the case but which nonetheless is a final judgment as to one of the claims in the case." *Wells Fargo Bank, N.A. v. Simpson*, 2015 IL App (1st) 142925, ¶ 12.

¶ 33            "[A] judgment ordering the foreclosure of mortgage is not final and appealable" because it "does not dispose of all issues between the parties and it does not terminate the litigation" and "the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution." *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11. "Accordingly, it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case." *Kemp*, 2012 IL 113419, ¶ 11.

¶ 34            While a trial court entering an order of foreclosure and sale may include Rule 304(a) language in its order to make it immediately appealable, courts "almost never" do so. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 25. In fact, "including Rule 304(a) language in foreclosure orders is generally disfavored." *Simpson*, 2015 IL

App (1st) 142925, ¶ 17. A foreclosure order "is final as to the foreclosure claims for relief within the meaning of Rule 304(a) in that it terminates (or 'forecloses') the defendant's basic ownership interest in the property." *Simpson*, 2015 IL App (1st) 142925, ¶ 12. Defendants fail to provide any cogent and applicable legal authority establishing that Rule 304(a) language is required for the court to proceed to the next step in foreclosure proceedings: the judicial sale.

¶ 35        Defendants contend that the trial court's failure to include Rule 304(a) language in its order of foreclosure and sale made that order "unenforceable." In support of their argument, defendants rely on *Bank of Matteson v. Brown*, 283 Ill. App. 3d 599 (1996), which involved supplementary proceedings brought to enforce a default judgment. *Brown* is clearly distinguishable because it did not involve a foreclosure action but, rather, a separate action brought by a creditor against a third party who was believed to possess assets belonging to a judgment debtor. See *Brown*, 283 Ill. App. 3d at 601-03. *Brown* does not apply to this foreclosure case.

¶ 36        The Foreclosure Law provides that a judicial sale shall take place upon entry of a foreclosure judgment; it does not require that a foreclosure judgment contain Rule 304(a) language as a prerequisite to a judicial sale. See 735 ILCS 5/15-1507(a) (West 2022). Furthermore, case law establishes that a judgment of foreclosure may, but typically does not, contain Rule 304(a) language. See *Simpson*, 2015 IL App (1st) 142925, ¶ 12; *North Community Bank*, 2015 IL App (1st) 133672, ¶ 25. Rule 304(a) language is only required for a party to appeal a nonfinal foreclosure judgment; such language is not necessary to give the trial court authority to conduct a judicial sale. Thus, the court did not abuse its discretion in conducting and subsequently confirming the sale of the property.

¶ 37                                    2. *Notice*

¶ 38        Defendants also argue that the trial court erred in confirming the sale because they

- 11 -

did not receive all required notices. Defendants acknowledge that they received notice of the sale of the property, as required by section 5-1507(c) of the Foreclosure Law (735 ILCS 5/15-1507(c) (West 2022)), but contend that John never received notice of the judgment of foreclosure.

¶ 39    Initially, we note that Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires an appellant's brief to contain argument supported by "citation of the authorities and the pages of the record relied on." "A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue." *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23. "Arguments that violate Rule 341 do not merit consideration and can be rejected solely for that reason." *Kic*, 2011 IL App (1st) 100622, ¶ 23; see *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986) ("The appellate court is not a depository in which the appellant may dump the burden of argument and research.").

¶ 40    Defendants cite no authority in support of their assertion that John was entitled to notice of the foreclosure judgment. Therefore, defendants have forfeited consideration of this issue. See *Kic*, 2011 IL App (1st) 100622, ¶ 23. However, an appellate court may consider improperly raised issues in the interest of justice because Rule 341 is an admonishment to the parties, not a limitation on the court's jurisdiction. *Kic*, 2011 IL App (1st) 100622, ¶ 23. Forfeiture notwithstanding, we find no error.

¶ 41    Section 15-1506 of the Foreclosure Law sets forth the requirements for a foreclosure judgment. 735 ILCS 5/15-1506 (West 2022). The only notice provision set forth in section 15-1506 is contained in subsection (d), which applies when a "judgment in a foreclosure is entered by default." 735 ILCS 5/15-1506(d) (West 2022).

¶ 42    Nothing in section 15-1506 required plaintiff to provide notice of the judgment of foreclosure to defendants. See 735 ILCS 5/15-1506 (West 2022). The trial court did not enter a

default judgment against defendants; thus, the notice provision of section 15-1506 does not apply. We reject defendants' contention that John was required to receive notice of the foreclosure judgment.

¶ 43        Moreover, pursuant to section 15-1508(c) of the Foreclosure Law, a sale may be set aside only if a party does not receive the notice of sale required by section 15-1507(c). 735 ILCS 5/15-1508(c) (West 2022). However, no sale shall be held invalid or set aside because of any other defect in notice. 735 ILCS 5/15-1508(d) (West 2022). Here, John admitted that he received notice of sale of the property under section 15-1507(c). Thus, there are no grounds to invalidate or set aside the sale.

¶ 44                            3. *Statutory Requirements*

¶ 45        Finally, defendants contend that the judgment of foreclosure did not comply with the Foreclosure Law because it did not mention a special right of redemption. Defendants cite no authority for this proposition and have, therefore, forfeited this argument. See *Kic*, 2011 IL App (1st) 100622, ¶ 23. Forfeiture aside, we find no error.

¶ 46        Section 15-1506(e) of the Foreclosure Law sets forth the matters required to be included in a foreclosure judgment and provides, in pertinent part: "A judgment of foreclosure shall include the last date for redemption." 735 ILCS 5/15-1506(e) (West 2022). Here, the foreclosure judgment stated: "The redemption period shall end in this case on February 29, 2024, or such other date as is hereafter ordered by this Court." Because the foreclosure judgment included the "last date for redemption," it complied with section 15-1506(e). See 735 ILCS 5/15-1506(e) (West 2022).

¶ 47        The Foreclosure Law provides a "[s]pecial [r]ight to [r]edeem" in section 15-1604 that is applicable only under certain circumstances. Section 15-1604(a) states:

"With respect to residential real estate, if (i) the purchaser at the sale was a mortgagee who was party to the foreclosure or its nominee and (ii) the sale price was less than the amount specified in subsection (d) of Section 15-603, then, and only in such circumstances, an owner of redemption as specified in subsection (a) of Section 15-1603 shall have a special right to redeem, for a period ending 30 days after the date the sale is confirmed, by paying to the mortgagee (i) the sale price, (ii) all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by the court, and (iii) interest at the statutory judgment rate from the date the purchase price was paid or credited as an offset." 735 ILCS 5/15-1604(a) (West 2022).

Nothing in sections 15-1506 or 15-1604 of the Foreclosure Law requires language referencing a "special right to redeem" to be included in the foreclosure judgment. See 735 ILCS 5/15-1506, 15-1604 (West 2022). This makes sense because a special right to redeem is based on the existence of certain circumstances that are unknown until the time of sale, specifically, the identity of the purchaser and the purchase price. See 735 ILCS 5/15-1604(a) (West 2022) (requiring that the purchaser be the mortgagee and the sale price to be less than a specified amount). Consequently, a foreclosure judgment need not mention such a right, as it may never come to fruition.

¶ 48        Furthermore, even if the foreclosure judgment improperly omitted this extended period to redeem, such an omission would not render the foreclosure judgment invalid because "[t]he omission of the date for redemption shall not extend the time for redemption or impair the validity of the judgment." 735 ILCS 5/15-1506(e) (West 2022). The foreclosure judgment complied with all relevant statutes and was valid; therefore, the trial court did not abuse its discretion in confirming the judicial sale.

¶ 49                                   III. CONCLUSION

¶ 50          For the reasons stated, we affirm the trial court's judgment.

¶ 51          Affirmed.