No. 3--04--0233

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2005 

ANDREW CHAPMAN,  ) Appeal from the Circuit Court

) of the 14th Judicial Circuit,

Plaintiff-Appellee, ) Rock Island County, Illinois,

) 

) 

 ) No. 03--SC--587

 ) 

ANCHOR LUMBER, ) Honorable

       ) Vicki Wright,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

_________________________________________________________________

The plaintiff, Andrew Chapman, filed a small claims complaint against the defendant, Anchor Lumber, seeking to recover real estate taxes paid on a parcel of real estate bought by the plaintiff.  The plaintiff alleged that the parties miscalculated the real estate tax amount due to a mutual mistake of material fact.  The circuit court entered judgment for the plaintiff.  The defendant appealed, contending that (1) the contract merged into the deed, making the calculation of the real estate taxes final and barring the plaintiff's cause of action; and (2) the parties intended the real estate tax proration at the time of closing to be final, thereby barring the plaintiff from seeking a reproration of the taxes one year after closing.  We vacate the circuit court's order and remand with directions to enter judgment for the defendant.

FACTS

On March 11, 2003, the plaintiff filed a small claims complaint against the defendant, alleging that a mutual mistake occurred in the calculation of taxes for a parcel of real estate purchased by the plaintiff.  The defendant purchased the property from an individual who constructed a house on the property.  The plaintiff signed the contract on December 9, 2001, and the defendant signed on December 14, 2001.  The parties closed on February 1, 2002, and the parties prorated the 2001-02 real estate taxes to the closing date in the amount of $180.46.

The contract contained the following provision regarding the prorating of real estate taxes:

"
PRORATIONS AND ADJUSTMENTS:
 The following items shall be prorated at closing as of the date of delivery of possession:

Prorations:

(a) Real estate taxes, based on the most recent tax information available, which, in the absence of fraud, shall be final."

The plaintiff's attorney, the defendant's attorney, and the title company's attorney all failed to call the assessor's office prior to the closing date to determine whether the $180.46 in real estate taxes was calculated according to the "most recent tax information available."  The taxes were calculated according to a "new construction" assessment rate.

Trial testimony revealed that the property in fact was not a "new construction."  On September 5, 2001, the property had been reassessed from "new construction" to "substantially completed" as of April 1, 2001.  This assessment became final on November 17, 2001, was entered into the assessor's office computer, and became a matter of public record.  The new assessment was published in the local newspaper on February 8, 2002, one week after the parties closed on the sale.

At trial, the plaintiff argued that the parties were operating under a mutual mistake of material fact.  Accordingly, the defendant was indebted to the plaintiff for the amount of real estate taxes actually paid by the plaintiff, which totaled $4,168.58.  The defendant argued that, by the terms of the contract, the prorated tax amount was final as of the closing date and any loss due to miscalculation fell upon the plaintiff.

The circuit court agreed with the plaintiff, finding that the parties intended the plaintiff would pay a proportionate burden of the taxes from the date he received title, with all other taxes to be borne by the defendant.  Further, the court found that the parties were operating under a mutual mistake of material fact.  Accordingly, the court ordered the parties to recalculate the taxes according to the new assessment.  On February 6, 2004, the court entered judgment for the plaintiff in the amount of $3,783.13, reflecting the recalculation minus a portion covered by the title guarantee company's policy.  The defendant appealed.

ANALYSIS

The defendant argues that the contract merged into the deed, making the calculation of the real estate taxes final and barring the plaintiff's cause of action.  The plaintiff argues that the contract does not merge into the deed because an exception to the merger doctrine applies when the parties were operating under a mutual mistake at the deed's conveyance.

If the terms of a real estate contract are fulfilled by the conveyance of the deed, the two documents merge and the deed becomes the only binding instrument.  
Daniels v. Anderson
, 162 Ill. 2d 47, 642 N.E.2d 128 (1994).  However, an exception exists when there are provisions within the contract that the conveyance of the deed does not fulfill.  
Daniels
, 162 Ill. 2d 47, 642 N.E.2d 128.  Such provisions are considered independent agreements that remain in effect until performed, thus preventing a merger of the contract and the deed.  
Daniels
, 162 Ill. 2d 47, 642 N.E.2d 128.

This court crafted another exception to the merger doctrine in cases in which misrepresentation or mutual mistake existed with regard to acreage at the time of the deed's conveyance.  
Hagenbuch v. Chapin
, 149 Ill. App. 3d 572, 500 N.E.2d 987 (1986).  
Hagenbuch
 is distinguishable, however, because the alleged mutual mistake in this case occurred in regard to the proration of real estate taxes, not in regard to acreage.

The second district expanded 
Hagenbuch
 to include all cases of mutual mistake: "[the merger doctrine does not] apply when the evidence clearly and convincingly proves that a misrepresentation or mutual mistake existed when the deed was delivered."  
Batler, Capitel & Schwartz v. Tapanes
, 164 Ill. App. 3d 427, 429, 517 N.E.2d 1216, 1218 (1987); see also 
Holec v. Heartland Builders, Inc.
, 234 Ill. App. 3d 253, 600 N.E.2d 489 (1992).

Our supreme court has never sanctioned the mutual mistake exception to the merger doctrine in any form.  The only exception they have sanctioned is for independent contractual agreements not fulfilled by the deed's conveyance.  See 
Daniels
, 162 Ill. 2d 47, 642 N.E.2d 128.

One district of the State appellate court is not bound to follow the decision of another district absent a compelling reason and similar factual circumstances.  
In re Will County Grand Jury
, 152 Ill. 2d 381, 604 N.E.2d 929 (1992).  Because our supreme court has not sanctioned a broad mutual mistake exception to the merger doctrine, we find no compelling reason to follow the second district's holdings in 
Batler
 and 
Holec
.  Accordingly, unless this case falls within the exception for independent contractual agreements not fulfilled by the deed's conveyance, the contract merges into the deed and operates to preclude the plaintiff's cause of action.

In 
Batler
, the second district analyzed its facts in accord with the independent contractual agreements exception, holding that a proration of real estate taxes contract provision could not fit within the exception without proof of such from the plaintiff.  
Batler
, 164 Ill. App. 3d 427, 517 N.E.2d 1216.  The plaintiff in this case has not proved that the proration of real estate taxes provision was intended to be an independent contractual provision, nor do we find any evidence in the record suggesting that the parties intended the provision to constitute an agreement independent of the deed's conveyance.  See 
Batler
, 164 Ill. App. 3d 427, 429, 517 N.E.2d 1216, 1218.  Accordingly, the exception for independent contractual agreements not fulfilled by the deed's conveyance does not apply in this case.  We therefore hold that the parties' contract merged into the deed, thus precluding the plaintiff's cause of action.

We vacate the order of the circuit court of Rock Island County and remand with directions to enter judgment for the defendant.

Order vacated and remanded with directions.

SLATER, P. J., and MCDADE, J., concur.