FOURTH DIVISION
FILED: January 18, 2007

No. 1-06-1537

EDWARD J. CZAROBSKI and ) 
ANNETTE M. CZAROBSKI, ) Appeal from the Circuit Court of
 ) Cook County
Plaintiffs-Appellants, )
 )
v. ) No. 05 M6-6579
 )
GRZEGORZ LATA and ANNA LATA, ) Honorable Frank B. Castiglione,
 ) Judge Presiding
Defendants-Appellees. )

JUSTICE MURPHY delivered the opinion of the court:

In 2005, plaintiffs, Edward and Annette Czarobski, filed suit against defendants, Grzegorz and Anna Lata, after they discovered that the property taxes due on the home they purchased from defendants were substantially more than the credit they received at closing. The trial court dismissed the case pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)) on the basis that the merger doctrine applied. On appeal, plaintiffs argue that the merger doctrine did not apply because they showed that a mutual mistake of fact occurred. For the foregoing reasons, we reverse.

I. BACKGROUND

On September 14, 2005, plaintiffs purchased a single-family home in Orland Park, Illinois, from defendants. The contract between plaintiffs and defendants provided that general real estate

taxes would be prorated as of the date of closing. Furthermore, "Prorations of general taxes shall be on the basis of 105% of the last ascertainable bill. If said bill is based on a partial assessment or on an unimproved basis for improved property, a written agreement (with escrow) for final proration when the complete assessment information is available from the County Assessor shall be signed at closing by the parties hereto." Defendants gave plaintiffs a real estate tax credit in the amount of $3,025.92 for 2004 and $4,076.08 for 2005. These credits were based on the 2003 real estate tax figure shown in the title commitment, plus 5%.

After the closing, the final 2004 tax was issued for $7,876.59. Upon investigation, plaintiffs discovered that the 2003 bill was based on a partial assessment. The complaint alleges that the discrepancy was a mutual mistake of fact or was known by defendants and not disclosed.

Defendants filed an answer and affirmative defense alleging that they did not know that any real estate taxes were based on a partial assessment. They further alleged that the parties did not enter into an agreement at closing to account for any such taxes. Defendants then filed a motion to dismiss pursuant to section 2-619 on the basis that the merger doctrine applied. The trial court granted defendants' motion, and this appeal followed.

## II. ANALYSIS

When ruling on a section 2-619 motion to dismiss, a court interprets all well-pled facts and reasonable inferences therefrom as true and interprets all pleadings and supporting documents in the light most favorable to the nonmoving party. *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill. 2d 72, 85 (1995); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The granting of a motion to dismiss pursuant to section 2-619 is reviewed *de novo*. *Bureau*

*Service Co. v. King*, 308 Ill. App. 3d 835, 838 (1999).

The general rule in Illinois is that a deed in full execution of a contract for sale of land merges the provisions of the contract into the deed and the deed becomes the only binding instrument. *Daniels v. Anderson*, 162 Ill. 2d 47 (1994). However, the doctrine of merger is not favored by modern courts (*Krajcir v. Egidi*, 305 Ill. App. 3d 613, 623 (1999)), and exceptions to the rule exist where (1) the contract contains provisions collateral to and independent of the provisions of the subsequent deed or (2) the evidence clearly and convincingly proves a misrepresentation or mutual mistake existed when the deed was delivered. *Beal v. Schewe*, 291 Ill. App. 3d 204, 211 (1997). In determining whether and to what extent a contract has merged into a deed, we look to the intention of the parties and the surrounding circumstances. *Batler, Capitel & Schwartz v. Tapanes*, 164 Ill. App. 3d 427, 429 (1987).

Plaintiffs contend that the merger doctrine does not apply because a mutual mistake as to a material fact existed. Defendants respond that the merger doctrine precludes the action because the information in question was a matter of public record.

Defendants rely heavily on *Lenzi v. Morkin*, 103 Ill. 2d 290 (1984). In that case, the parties agreed on a proration of the real estate taxes based on the most recent ascertainable taxes. Before the closing, the defendant received notice that the assessed valuation of the property increased from $18,812 to $27,201. The plaintiffs alleged that the defendant committed fraud when she intentionally failed to disclose this increase in the assessment. The *Lenzi* court found that the defendant was not under an obligation to disclose the increase in assessed valuation because changes in circumstances such as an increase in assessed valuation are normal risks.

*Lenzi*, 103 Ill. 2d at 293. "[T]he valuation placed on the property was a matter of public record and not a matter solely within the knowledge of defendant." *Lenzi*, 103 Ill. 2d at 292.

Defendants cite *Lenzi* for the proposition that the assessment was a matter of public record. However, *Lenzi* involved a change in the assessed valuation of a property, not a partial assessment. Furthermore, in *Lenzi*, mutual mistake was neither alleged nor argued, and the merger doctrine was not an issue. Instead, the issue was whether the defendants were under a duty to disclose the information. Finally, here, unlike in *Lenzi*, the contract specifically requires that if the bill was based on a partial assessment, a written agreement for final proration when the complete assessment information was available from the county assessor shall be signed at closing by the parties. Therefore, while *Lenzi* is of assistance in the understanding of the factors used in calculating a tax bill, it does not discuss the mutual mistake exception to the merger rule.

The *Lenzi* court noted that the assessed valuation is but one factor in calculating a real estate tax on a specific property. Real estate taxes on a property are calculated based on three factors: the assessed value of the property; the state equalization factor (35 ILCS 200/17-25 (West 2004), formerly Ill. Rev. Stat. 1981, ch. 120, par. 630); and the applicable tax rate. The exact real estate tax cannot be determined until each of these factors has been ascertained.

It is noted that each factor is a variable and each factor relates to other properties in determining the real estate tax to the specific property.

If the assessed valuation goes up 5% on the subject property and 17% on all other properties, there is a possibility that the actual tax could go down on the subject property. If all properties have equal increases in assessed valuations, the real estate tax should remain about

1-06-1537

equal.

In short, an increase in the assessed valuation, standing alone, does not mean that the real estate tax will go up.

After *Lenzi* was decided in 1984, the appellate court has recognized the mutual mistake exception to the merger doctrine. In *Hagenbuch v. Chapin,* 149 Ill. App. 3d 572 (3d Dist. 1986), a survey that disclosed various acreage deficiencies was not completed until after the defendants had delivered the deed. Neither party was aware that the conveyances were short 4.3 acres from what they believed. The court found that the merger doctrine did not preclude the action because the parties were mistaken as to the total acreage.

*Batler, Capitel & Schwartz v. Tapanes*, 164 Ill. App. 3d 427, 429 (2d Dist. 1987), expanded the merger doctrine to include all cases of mutual mistake when it held that the merger doctrine does not "apply when the evidence clearly and convincingly proves that a misrepresentation or mutual mistake existed when the deed was delivered." However, mutual mistake was not an issue and the court found that there was no evidence in the record that the parties intended that the computation of real estate taxes be a separate and independent agreement.

In *Holec v. Heartland Builders, Inc.*, 234 Ill. App. 3d 253 (2d Dist. 1992), a real estate contract provided that property taxes would be prorated based on the tax assessor's latest assessed valuation. Before the closing, the house was substantially completed and the assessor's office reassessed the property as improved real estate. While the reassessment was also spread of record before the closing, the defendant did not receive notice of the reassessment until two years

later. The court found that the doctrine of merger did not apply because the parties were mutually mistaken concerning a material fact. *Holec*, 234 Ill. App. 3d at 255. The proration was calculated on the basis of the latest tax bill, even though it did not represent the most recent valuation, and both the plaintiff and defendant believed that the calculation complied with the contract. *Holec*, 234 Ill. App. 3d at 255.

Defendants attempt to distinguish *Holec* because the contract in that case assigned the responsibility of calculating the contract on the defendant. We note that the contract's assigning the defendant the responsibility of calculating the prorated amount in *Holec* was only discussed in the context of whether the plaintiff waived his right to contest the proration by signing the closing statement. *Holec*, 234 Ill. App. 3d at 256. Defendants further point to the different calculation required by the contract in *Holec*. However, similar to the parties in *Holec*, both plaintiffs and defendants here were unaware that the amount used was only a partial assessment, and both believed that the amount was correctly calculated pursuant to the contract.

Defendants, relying on *Chapman v. Anchor Lumber*, 355 Ill. App. 3d 435 (3d Dist. 2005), argue that there is only one generally recognized exception to the merger doctrine in Illinois, *i.e.*, when independent contractual agreements are unfulfilled by the deed's conveyance. In *Chapman*, the real estate contract called for a proration based on the most recent tax information available. The prorated taxes of $180 were calculated according to a "new construction" assessment rate. Trial testimony revealed that the property had been reassessed from new construction to substantially completed and became a matter of public record before the closing, but the new assessment was not published in the newspaper until a week after the parties closed.

1-06-1537

On appeal, the Third District distinguished *Hagenbuch*, another Third District case, because the mutual mistake existed as to acreage, not the proration of real estate taxes. *Chapman*, 355 Ill. App. 3d at 438. Further, the court found that it had "no compelling reason to follow" the Second District's rulings in *Batler* and *Holec*. *Chapman*, 355 Ill. App. 3d at 438. "Our supreme court has never sanctioned the mutual mistake exception to the merger doctrine in any form. The only exception they have sanctioned is for independent contractual agreements not fulfilled by the deed's conveyance." *Chapman*, 355 Ill. App. 3d at 438. Accordingly, the court only analyzed the exception for independent contractual agreements and found that the proration of real estate taxes provision was not intended to be an independent contractual provision. *Chapman*, 355 Ill. App. 3d at 438.

One district of the appellate court is not bound to follow the decision of another district when the district has made a determination of its own contrary to that of another district or there is a split of authority among districts. *People v. Ward*, 192 Ill. App. 3d 544, 554 (1989). We respectfully disagree with *Chapman*. While the *Chapman* court is correct that the supreme court has not expressly sanctioned the mutual mistake exception to the merger doctrine, neither has it prohibited such an exception. In this case, while the parties knew the amount of the last tax bill, neither plaintiffs nor defendants knew that it was based on a partial assessment. They were both mistaken in their belief that it was the last tax bill for this property, not knowing that it was based on a partial assessment.

Plaintiffs also argue that the trial court erred in dismissing the complaint where the complaint alleged fraudulent concealment, another exception to the merger doctrine. Defendants

again rely on *Lenzi*; however, *Lenzi* is distinguishable, as discussed above.

Therefore, we find that the merger doctrine does not apply to plaintiffs' action for real estate taxes.

### III.  CONCLUSION

For the reasons stated above, we reverse the trial court's dismissal of plaintiffs' complaint.

Reversed and remanded.

CAMPBELL, J., and NEVILLE, J., concur.