No. 3–07–0448

Filed September 11, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| | | |
|---|---|---|
| GWENDOLYN ILLINGWORTH and JEFFREY ILLINGWORTH, | ) ) ) | Appeal from the Circuit Court of the 12 th Judicial Circuit, Will County, Illinois |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| JEFFREY BEAN and CARI BEAN, | ) ) | No. 06–CH–1246 |
| Defendants-Appellees | ) | |
| (Jerome Wolak, Individually and d/b/a B & H Inspections, Inc., Coldwell Banker Honig-Bell and Carey Zeller, | ) ) ) ) ) | Honorable Gerald R. Kinney, |
| Defendants). | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the opinion of the court:

Plaintiffs Gwendolyn and Jeffrey Illingworth purchased a home from defendants Jeffrey and Cari Bean and subsequently brought a nine-count suit against the sellers and others[1] involved in the real estate transaction, seeking to rescind the contract for sale and to recover damages for undisclosed defects. In counts I and IV plaintiffs claimed mutual mistake of fact and breach of contract directed against the defendant sellers. Defendants moved to dismiss these two counts claiming the doctrine of merger barred recovery. The trial court granted the Beans' motion. Plaintiffs bring this interlocutory appeal pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)). We reverse and remand.

---

[1]The remaining defendants are not parties to this appeal. Accordingly, in the balance of this opinion, we will refer to the Beans as "defendants."

BACKGROUND

Plaintiffs' complaint and attached supporting documents reveal that in June 2005, Gwendolyn reviewed a multiple listing service description of a three-bedroom, ranch-style home located at 1071 Towner Drive in the Willow Grove subdivision of Bolingbrook, Illinois, listed for sale at $182,500. She visited the home and reviewed a Residential Real Property Disclosure Report that the defendants submitted as part of the listing. This disclosure report stated that the defendants occupied the property for a 12-month period prior to June 15, 2005, and indicated that the defendants were unaware of any specified defects contained in a checklist on the form. Defendants accepted Gwendolyn's offer to purchase the property for a purchase price of $176,500. The parties entered into a contract for sale and closed on the real estate transaction on July 29, 2005.

On May 24, 2006, plaintiffs brought a nine-count cause of action against the defendant sellers, the real estate brokerage and its employee agent involved in the sale, and the home inspector and his company. Counts I through IV of the complaint were directed against the defendant sellers and are the only counts relevant to this appeal.

According to the complaint, plaintiffs discovered "significant structural, system and foundation defects" on August 25, 2005. They alleged the defects constituted "material defects." Plaintiffs also alleged they exercised due care by retaining a licensed home inspector to inspect the home prior to the closing. Plaintiffs' complaint stated that they received a proposal to repair the foundation problems for $59,500 and that the sales price of $176,500 was commensurate with homes in the neighborhood that did "not require repairs in excess of thirty percent of the home sales price."

In count I, plaintiffs sought damages and rescission of the contract for sale, claiming mutual mistake of fact. Plaintiffs alleged the Residential Real Property Disclosure Report showed that defendants were unaware of any defects when they listed the property for sale.

2

In count II, plaintiffs alleged a violation of the Residential Real Property Disclosure Act (765 ILCS 77/35 (West 2006)) by failing to disclose material defects in the residence known to defendants. In count III, plaintiffs alleged fraud based on knowing false statements. Count IV asserted defendants breached the terms of the real estate contract, claiming defendants' representations in the Residential Real Property Disclosure Report were included in the listing documents as an inducement to purchase and contained misrepresentations of defendant's awareness of defects in the home's foundation, walls and floors. Plaintiffs alleged they performed all of their obligations under the contract for sale. They claimed that, as a proximate cause of defendant's breach of the contract, they paid more for the property than it was worth.

Defendants answered count II, denying they violated the Residential Real Property Disclosure Act, and filed a motion pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2006), to dismiss counts I, III and IV. Before the court heard defendants' motion, plaintiffs moved for leave to amend their complaint. Pursuant to an agreed order entered on November 14, 2006, plaintiffs filed an amended complaint, adding an allegation to count III, the fraud count, that defendants "knew of the defects because they made 'band aid' repairs to the cracks by partially filling them with a joint compound and then covering the cracked areas with new carpet." In all other respects, the claims directed against the defendant-sellers in counts I through IV of the amended complaint mirrored the allegations in counts I through IV of the original complaint.

On January 11, 2007, defendants answered counts II and III of the amended complaint, denying liability for a violation of the Residential Real Property Disclosure Act and for fraud. They filed a motion to dismiss counts I and IV pursuant to section 2–619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2–619(a)(9) (West 2006)).

In this motion to dismiss, defendants submitted that the merger doctrine barred the plaintiffs' request for rescission of the real estate contract. Similarly, defendants argued that merger also precluded plaintiffs' assertion that an independent contractual agreement was not

3

fulfilled by the deed's conveyance. In response to defendants' section 2-619 motion to dismiss, plaintiffs argued that counts I and IV were not barred by the merger doctrine since mutual mistake constituted a recognized exception to the merger doctrine.

The trial court granted defendants' motion to dismiss counts I and IV with prejudice. In granting the defendants' motion, the trial judge indicated that he was "obligated" to follow the logic set forth by this court in *Chapman v. Anchor Lumber*, 355 Ill. App. 3d 435 (2005)*,* and found the motion to dismiss counts I and IV should be allowed based on the doctrine of merger. The trial court subsequently entered an order finding no just reason to delay enforcement or appeal of the dismissal, and plaintiffs filed a timely notice of appeal pursuant to Supreme Court Rule 304(a) (210 Ill. 2d R. 304(a)).

## ISSUE AND ANALYSIS

In this interlocutory appeal, plaintiffs argue the trial court erred in granting defendants' motion to dismiss based on the merger doctrine. In response, defendants renew the position taken in the trial court and contend that *Chapman v. Anchor Lumber*, 355 Ill. App. 3d 435, controls the outcome of this appeal. With leave of this court, plaintiffs submitted a supplemental brief in this appeal arguing that our supreme court's recent decision in *Czarobski v. Lata*, 227 Ill. 2d 364 (2008), overruled this court's decision in *Chapman.* We agree that our decision in *Chapman* is no longer viable in light of the recent decision in *Czarobski*.

A motion to dismiss under section 2-619(a)(9) admits the legal sufficiency of the plaintiffs' complaint, but asserts that other affirmative matter exists which bars the cause of action or defeats the claim. *Griffith v. Wilmette Harbor Ass'n, Inc.*, 378 Ill. App. 3d 173, 180 (2007). The doctrine of merger qualifies as an affirmative matter barring the cause. *Czarobski* 227 Ill. 2d at 369, citing *Neppl v. Murphy*, 316 Ill. App. 3d 581, 585-86 (2000). Our review of the decision to grant the section 2-619 motion is *de novo.* *Griffith*, 378 Ill. App. 3d at 180.

For purposes of defendants' motion, defendant admitted the legal sufficiency of plaintiffs' allegations regarding inducement, the formation of a contract, material misrepresentations in the

4

terms of the contract or mutual mistake in material terms, breach of contract, proximate causation and damages. Nevertheless, defendants claimed that the decision in *Chapman v. Anchor Lumber*, 355 Ill. App. 3d 435, precluded plaintiffs from recovering damages or rescinding the contract as a matter of law because the doctrine of merger barred their attempt to rescind the contract and to recover damages based on breach of another independent contract.

In *Chapman*, the plaintiff, Andrew Chapman, entered into a purchase agreement to buy a new home from the defendant, Anchor Lumber, in December 2001. This agreement stated the real estate taxes would be prorated based on "the most recent tax information available." *Chapman*, 355 Ill. App. 3d at 436. At the closing on February 1, 2002, the parties prorated the 2001-02 taxes to be borne by the seller in the amount of $180.46, based on a "new construction" rate. However, the attorneys failed to discover that the applicable new tax assessment of $4,168.58 was recorded in the assessor's computer and accessible to the public by telephone. Plaintiff was required to pay $4,168.58 for the 2001-02 taxes based on the new assessment. Consequently, plaintiff brought a small claims complaint in the circuit court to recover the seller's proportionate share of taxes based on the most recent assessment as of the date of closing. *Chapman*, 355 Ill. App. 3d at 436-37.

The trial judge in *Chapman* ruled that both attorneys for the buyer and the seller mutually erred by failing to contact the assessor to determine the most recent tax assessment. The trial judge found the mutual mistake created an exception to the merger doctrine. *Chapman*, 355 Ill. App. 3d at 437. On appeal, this court reversed the trial court and noted "our supreme court has never sanctioned the mutual mistake exception to the merger doctrine in any form." *Chapman*, 355 Ill. App. 3d at 438. In the absence of direction from the supreme court, the court went on to conclude that the merger doctrine barred Chapman's claim. Accordingly, this court vacated judgment for the plaintiff and remanded the cause directing the circuit court to enter judgment for the defendant. *Chapman*, 355 Ill. App. 3d at 439.

Recently, our supreme court considered merger and mutual mistake in the context of real

5

estate tax proration disputes in *Czarobski v. Lata*, 227 Ill. 2d 364 (2008). The language of the court is unequivocal. Rejecting this court's analysis in *Chapman*, the supreme court stated,

> "Accordingly, we discern no principled basis, and defendants offer none, for adopting a blanket rule of law that would prohibit a party, in an appropriate case, from arguing against the application of the merger rule where the party claims that a mutual mistake or fraud existed at the time of conveyance of the deed."
>
> *Czarobski,* 227 Ill. 2d at 372.

In the context of the motion to dismiss in this case, the trial court was required to construe the pleadings in the light most favorable to the nonmoving party. *Czarobski,* 227 Ill. 2d at 369. The complaint alleges alternatively that either defendants committed fraud or both parties committed a mutual mistake in spite of plaintiffs' exercise of due care. Based on the status of the pleadings, defendants have not contested the allegations of mutual mistake. The alleged mutual mistake concerning the condition of the foundation, walls and floors in this case was no less material to the underlying sale-purchase agreement than the real estate taxes at issue in *Czarobski*. Therefore, we agree that this is an appropriate case for plaintiffs to argue "against the application of the merger rule."

## CONCLUSION

We conclude that counts I and IV of the amended complaint are not barred by the doctrine of merger based on the recent supreme court decision of *Czarobski v. Lata*, 227 Ill. 2d 364 (2008). Accordingly, we reverse the trial court's order dismissing counts I and IV of the complaint with prejudice, and we remand the cause for further proceedings.

Reversed and remanded.

LYTTON and O'BRIEN, JJ., concur.

6