# Illinois Official Reports

## Appellate Court

---

### *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Loan Trust 2004-3 Asset-Backed Certificate Series 2004-3, Plaintiff-Appellee, v. PLAMEN IORDANOV, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-2656 |
| Filed | September 23, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CH-44283; the Hon. Pamela Meyerson, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Omar F. Uddin, of Chicago, for appellant.<br><br>Jena Valdetero and Katharine F. Lessaris, both of Bryan Cave LLP, of Chicago, for appellee. |
| Panel | JUSTICE REYES delivered the judgment of the court, with opinion.<br>Justices Lampkin and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    In this mortgage foreclosure action, defendant Plamen Iordanov (defendant) appeals following the circuit court of Cook County's entry of an order approving the sale of the property in question in favor of plaintiff Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-3 Asset-Backed Certificate Series 2004-3 (plaintiff). Defendant's sole contention on appeal is that plaintiff lacked standing to bring the foreclosure action, and thus, the circuit court erred in entering the order approving sale. Because defendant failed to timely raise plaintiff's lack of standing as an affirmative defense in response to either the complaint or the amended complaint, we find the circuit court did not err when it approved the sale of the property in question and affirm the judgment of the circuit court.

¶ 2                                BACKGROUND

¶ 3    Prior to reciting the facts in this matter, we observe that the litigation before the circuit court was quite extensive, proceeding over a seven-year period. Therefore, we will enumerate only those facts pertinent to this appeal.

¶ 4                          The Initial Complaint

¶ 5    On November 25, 2008, plaintiff filed its complaint to foreclose the mortgage against defendant regarding the property located at 6540 North Washtenaw Avenue in Chicago (the property) pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2008)). Plaintiff alleged it was "the Mortgagee under 735 ILCS 5/15-1208" of the Foreclosure Law and that defendant was in default as of June 1, 2008, for failure to make payments pursuant to the mortgage. Attached to the complaint were copies of the mortgage and note, which indicated the original lender and note holder was Long Beach Mortgage Company. The note attached to the complaint contained no indorsements or assignments.

¶ 6    On May 13, 2009, plaintiff presented its motions for default and judgment of foreclosure. Defendant appeared in court and requested time to consult with an attorney and to seek a possible loan modification. The court granted defendant 28 days to file an answer or otherwise plead to the complaint and continued plaintiff's motions to June 24, 2009. Thereafter, on June 9, 2009, defendant filed his *pro se* appearance and answer. In his answer, defendant stated he had insufficient information on which to admit or deny the allegations in the complaint and further stated as other affirmative matter, "I'm in proces [*sic*] of Modification of the Loan[ ] I need more time to complete it." Plaintiff then filed a motion for summary judgment and a briefing schedule was entered. Defendant, however, failed to respond to the motion. The circuit court thereafter granted plaintiff's request for summary judgment and judgment of foreclosure.

¶ 7                              The Release

¶ 8    On December 29, 2009, a release of the mortgage on the property (the release) was executed by JPMorgan Chase Bank, N.A., successor in interest from the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, formerly Washington Mutual

Bank, FA, s/b/m to Washington Mutual Home Loans, Inc., s/b/m to Long Beach Mortgage Company (JPMorgan), and filed with the Cook County recorder of deeds on January 12, 2010.

¶ 9                                    The Amended Complaint

¶ 10       After the release was brought to plaintiff's attention, on August 2, 2010, plaintiff filed a motion to amend its complaint in order to add two new counts: (1) a declaratory judgment that the release was invalid because the mortgage had not been paid off and (2) rescission of the release due to a mistake of fact. The amended complaint included a third count for foreclosure of the mortgage, which alleged the same facts as the original complaint. Attached to the amended complaint were copies of the mortgage, note, and release. No assignment was attached to the amended complaint. The circuit court granted plaintiff's motion to amend the complaint on September 14, 2010, and stayed the enforcement of the judgment of foreclosure until further order of court. Thereafter, defendant filed a number of motions that were stricken by the circuit court. Defendant, however, on November 18, 2011, was granted additional time to answer or otherwise plead to the amended complaint.

¶ 11                         Defendant's Response to the Amended Complaint

¶ 12       On December 12, 2011, defendant, who was now represented by counsel, filed a motion to dismiss plaintiff's amended complaint pursuant to section 2-615 and section 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(9) (West 2008)).[1] It appears from the record, however, that this motion was never presented to the circuit court for ruling. Subsequently, on December 14, 2011, defendant filed a "motion for summary judgment" that was "stricken" on February 10, 2012, by the circuit court for being "not readable." The court further ordered, "Plaintiff shall send defendant [a] copy of [the] amended complaint who states it has not been answered."

¶ 13                              Plaintiff's Motion for Default

¶ 14       On May 8, 2012, plaintiff filed a motion to find defendant in default for failure to answer counts I and II of the amended complaint.[2] In response, defendant asserted he filed an answer to the complaint in January 2012, and then again in February 2012, along with a counterclaim filed on February 28, 2012. Defendant attached a two-page answer to the amended complaint with an illegible file stamp, on which someone had written in handwriting the date "12 Jan 26." This document was immediately preceded by a fax cover sheet from defendant's counsel to plaintiff's counsel, which indicated a two-page document was transmitted on January 27, 2012. Defendant also attached a three-page answer to the amended complaint, again with an illegible file stamp with handwriting to suggest it was filed "12 Feb 28" along with a fax cover sheet indicating a three-page document had been faxed to plaintiff's counsel on February 29,

---

[1]Some of the motions presented by defendant were also presented on behalf of defendant's wife, who did not sign the note and who is not a party to this appeal. Accordingly, for the sake of clarity, we only refer to defendant as presenting these motions.

[2]While the file stamp on the motion for default is illegible, a review of the circuit court of Cook County's docket for this matter indicates the motion was filed on May 8, 2012. We may take judicial notice of the filing dates of motions. See *In re F.P.*, 2014 IL App (4th) 140360, ¶ 39 (court can take judicial notice of online official records).

2012. Neither of the answers filed with the circuit court included any affirmative defenses. Defendant also included a copy of his counterclaim that indicated it was filed on February 28, 2012. However, it is unclear from the record whether defendant notified plaintiff of this response since no certificate of service accompanied defendant's response in the record on appeal.

¶ 15 The circuit court entered an order on July 10, 2012, finding that (1) defendant was in default, (2) the release was recorded in error, and (3) the release is "rescinded and held for naught." The circuit court further allowed plaintiff to enforce its judgment of foreclosure that was previously entered on August 5, 2009, and vacated the order of September 14, 2010, staying enforcement of that judgment. Subsequently, plaintiff filed a notice of sale of the property on July 24, 2012.

¶ 16 Defendant's Motion to Vacate and Emergency Motion to Stay the Sale

¶ 17 The following day, defendant filed a motion to vacate the order of July 10, 2012. Defendant argued that plaintiff incorrectly informed the court that he did not file an answer to the amended complaint. Defendant asserted he faxed his answer to the complaint to plaintiff's counsel prior to the filing of plaintiff's motion for default. The matter was scheduled for presentment on October 3, 2012.

¶ 18 On August 7, 2012, defendant presented an emergency motion to stay the sale of the property, which was scheduled for August 16, 2012. Defendant asserted he timely filed his answer in January 2012 and faxed the answer to plaintiff's counsel. Defendant requested the sale of the property be stayed until the motion to vacate could be heard.

¶ 19 The circuit court granted defendant's motion to stay as well as his motion to vacate the default judgment, finding the defendant filed an answer on or about January 26, 2012. The circuit court further ordered defendant to serve plaintiff with any future pleadings, motions, and discovery pursuant to the supreme court rules. The court also ordered all discovery was to be issued on or before September 25, 2012.

¶ 20 Plaintiff's Motion to Strike the Counterclaim and Motion for Summary Judgment

¶ 21 Thereafter, on August 29, 2012, plaintiff filed a motion to strike defendant's counterclaim. The counterclaim against plaintiff alleged an order was entered in a municipal case relating to the property whereby plaintiff was dismissed based on the release. Plaintiff argued the counterclaim failed to state a cause of action and was improperly filed without seeking leave of court. After the matter was fully briefed and argued, the circuit court granted plaintiff's motion and, thereafter, denied defendant's motion for leave to file an amended counterclaim.

¶ 22 On March 13, 2013, plaintiff filed its motion for summary judgment on counts one and two of the amended complaint. Plaintiff argued the release was executed and recorded by JPMorgan in error. Plaintiff maintained that JPMorgan was not a party to the foreclosure complaint and did not hold the note, as it was plaintiff who was the holder of the note pursuant to an assignment of mortgage that was recorded on December 18, 2008. Plaintiff acknowledged that JPMorgan was a successor by merger to Washington Mutual Bank, which, in turn, was a successor by merger to Long Beach Mortgage Company, the original lender, but that "the subject loan had already been transferred to the trust years before the execution and recording of the release by JPMorgan." Plaintiff further argued that defendant failed to respond

to its discovery request for documents or to answer interrogatories regarding the payment of the subject loan. Attached to the motion for summary judgment was an affidavit of Harris Whittaker (Whittaker), a contract management coordinator employed by Ocwen Loan Servicing, the entity that serviced the loan at issue in this matter. Whittaker averred, based on his personal knowledge and review of the computer-generated loan history attached to the affidavit, that the loan "is currently due for the June 1, 2008 monthly mortgage installment and each successive monthly installment. The Subject Loan has never been paid off."

¶ 23 In response to the motion for summary judgment, defendant brought numerous documents to the circuit court's attention including (1) a purchase and assumption agreement between the Federal Deposit Insurance Corporation, the receiver of Washington Mutual Bank, and JPMorgan, the assuming bank, dated September 25, 2008; (2) the assignment of the mortgage and note regarding the property from Long Beach Mortgage Company to plaintiff executed on December 9, 2008, and recorded on December 18, 2008; (3) a letter from JPMorgan to defendant stating the servicing rights to his mortgage was assigned, sold, or transferred from Washington Mutual Bank to JPMorgan effective September 25, 2008.[3] Defendant argued that these exhibits demonstrated JPMorgan had an interest in the mortgage, and thus, the release filed by JPMorgan was valid. Defendant's motion, however, was not accompanied by a counter-affidavit.

¶ 24 In reply, plaintiff argued defendant failed to demonstrate that there was a genuine issue of material fact in this case. Plaintiff maintained that the release of the mortgage was executed in error because the loan was never paid off. Plaintiff asserted that its affidavit, which indicated the loan was never paid off, was not refuted, and defendant failed to produce any documents in response to plaintiff's discovery request demonstrating the loan was paid in full.

¶ 25 The circuit court, on May 22, 2013, granted plaintiff's motion for summary judgment on counts I and II of the amended complaint. The circuit court further ordered that (1) the release was to be rescinded, (2) plaintiff was permitted to enforce its judgment of foreclosure previously entered on August 5, 2009, and (3) the order staying the enforcement of that judgment is vacated.

¶ 26 On May 29, 2013, defendant filed a motion to reconsider the May 22, 2013, order arguing the court wrongfully found the release was prepared and recorded in error. Defendant further filed a "Petition to Clarify" the summary judgment order, in which he argued that the assignment to plaintiff was invalid and that the release was valid. After the matters were fully briefed and argued, on November 14, 2013, the circuit court denied defendant's motion to reconsider and petition to clarify. The circuit court further extended the redemption date and allowed plaintiff to proceed to sale on or after January 1, 2014, without further order of court.

¶ 27 The Motion to Confirm the Sale

¶ 28 The property was sold on January 3, 2014, to plaintiff as the highest bidder at a judicial sale. Thereafter, on June 29, 2014, plaintiff presented its motion to confirm the sale. In response, defendant (who was now represented by new counsel) argued plaintiff lacked

---

[3]The copy of the letter is cut off along the right hand side, obscuring the date the letter was sent to defendant. All that can be gleaned from this copy of the letter was that it was forwarded in the month of October.

standing as it failed to allege in its original and amended complaints that there was an assignment or proper negotiation of the mortgage and note. Plaintiff maintained in its reply that defendant had waived the affirmative defense of standing and impermissibly attempted to shift the burden of demonstrating standing onto plaintiff. On August 21, 2015, the circuit court entered the order approving the report of sale and distribution and confirmed the sale of the property. This appeal followed.

¶ 29                                                    ANALYSIS

¶ 30        Defendant's sole argument on appeal is that the circuit court erred in granting the order approving the sale where plaintiff had failed to demonstrate it had standing.[4] In response, plaintiff asserts defendant waived his defense of lack of standing because he failed to assert it in response to either complaint. Plaintiff further maintains that even if defendant timely raised this affirmative defense, it established a *prima facie* case of standing, which defendant failed to rebut.

¶ 31        The standard of review of a circuit court's approval of a judicial sale is an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). "The circuit court abuses its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court." *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 18. The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.

¶ 32        Under the Foreclosure Law, the circuit court shall confirm the sale of the property unless it finds that one of four grounds exist to disapprove the sale: "(i) a notice required in accordance with subsection (c) of Section 15-1507 was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) justice was otherwise not done." 735 ILCS 5/15-1508(b) (West 2008); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 4 (2010). The Foreclosure Law expressly provides that when "shall" is used, it means that something is mandatory and not permissive. 735 ILCS 5/15-1105(b) (West 2008); *Lewis*, 229 Ill. 2d at 178 (holding the trial court must approve the judicial sale unless it finds that any of the four specified exceptions in section 15-1508(b) of the Foreclosure Law are present). Our supreme court has explained that a borrower seeking relief under section 15-1508(b)(iv) must demonstrate "either the lender, through fraud or misrepresentation, prevented the borrower from raising his meritorious defenses to the complaint at an earlier time in the proceedings, or the borrower has equitable defenses that reveal he was otherwise prevented from protecting his property interests." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 26.

¶ 33        For the first time on appeal, defendant challenges plaintiff's lack of standing under section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2008)). Defendant contends that plaintiff's failure to attach an assignment to any of its pleadings along with the

---

[4]While defendant sought reversal of the circuit court's order of May 22, 2013, in his notice of appeal, defendant raises no issue concerning the propriety of that order in his brief on appeal. At oral argument, defendant admitted he failed to raise these issues in his opening brief. Consequently, any issue concerning this order has been forfeited pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Jan. 1, 2016). See *Wells Fargo Bank, N.A. v. Bednarz*, 2016 IL App (1st) 152738, ¶ 5.

fact that the assignment was executed after the lawsuit commenced constitutes the kind of egregious misrepresentation that demonstrates justice was not otherwise done in this case.

¶ 34    "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit" and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Glisson v. City of Marion*, 188 Ill. 2d 211, 221 (1999); see *Bayview Loan Servicing, LLC v. Cornejo*, 2015 IL App (3d) 140412, ¶ 12.[5] A party's standing to sue must be determined as of the time the suit is filed. *Deutsche Bank National Trust Co. v. Gilbert*, 2012 IL App (2d) 120164, ¶ 15. An action to foreclose upon a mortgage may be filed by a mortgagee or by an agent or successor of a mortgagee. *Wells Fargo Bank, N.A. v. Mundie*, 2016 IL App (1st) 152931, ¶ 11. The attachment of a copy of the note to a foreclosure complaint is *prima facie* evidence that the plaintiff owns the note. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24; see *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24. Our supreme court has stated that the "lack of standing in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988). Thus, a defendant in a foreclosure action must assert the affirmative defense of lack of standing in his or her answer or else it is waived. *U.S. Bank, N.A. v. Kosterman*, 2015 IL App (1st) 133627, ¶ 10 (and cases cited therein). As an affirmative defense, the lack of standing is the defendant's burden to plead and prove. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 252 (2010).

¶ 35    We find *Avdic* to be instructive. In that case, the defendants answered the plaintiff's foreclosure complaint but did not set forth any affirmative defenses and did not challenge the plaintiff's standing in response to a motion for summary judgment. *Avdic*, 2014 IL App (1st) 121759, ¶¶ 5, 9. The circuit court ultimately granted the plaintiff's motion for summary judgment. *Id.* ¶ 12. Defendants raised the issue of standing for the first time in their motion to reconsider, which the trial court denied. *Id.* ¶ 13.

¶ 36    On appeal, the defendant challenged the plaintiff's standing to bring the foreclosure action. *Id.* ¶ 34. The reviewing court found the argument was waived as the defendant did not timely allege lack of standing as an affirmative defense, nor did the defendant raise the issue of standing in response to the motion for summary judgment. *Id.*

¶ 37    Here, plaintiff alleged in both the original and amended complaints that it was "the Mortgagee under 735 ILCS 5/15-1208" of the Foreclosure Law. Such a statement is sufficient to set forth a plaintiff's capacity in bringing a cause of action under the Foreclosure Law. See *Mundie*, 2016 IL App (1st) 152931, ¶ 11. Plaintiff further attached copies of the mortgage and note to both complaints as required by section 15-1504 of the Foreclosure Law (735 ILCS 5/15-1504 (West 2008)). Although plaintiff did not attach a copy of the assignment to its pleadings, it is of no consequence as the Foreclosure Law does not expressly require an assignment be attached to the complaint. See *Parkway Bank & Trust Co. v. Korzen*, 2013 IL

---

[5]We observe that while a party's standing is typically reviewed *de novo*, as standing is usually raised in a motion to dismiss (see *Glisson*, 188 Ill. 2d at 221) or a motion for summary judgment, in this case, defendant raised this issue in response to a motion to confirm the sale. In such a context, we review defendant's standing argument for an abuse of discretion. See *McCluskey*, 2013 IL 115469, ¶ 25 ("At this stage of the proceedings, objections to the confirmation under section 15-1508(b)(iv) cannot be based simply on a meritorious pleading defense to the underlying foreclosure complaint.").

App (1st) 130380, ¶ 24; *Cornejo*, 2015 IL App (3d) 140412, ¶ 13 ("note attached to the original foreclosure complaint is *prima facie* evidence that [plaintiff] owned the note, even though it lacked the indorsement in blank"); 735 ILCS 5/15-1504 (West 2008).[6] Accordingly, plaintiff here met the pleading requirements under the Foreclosure Law. See 735 ILCS 5/15-1504 (West 2008).

¶ 38    Defendant indicated in his initial answer that he had insufficient information with which to admit or deny the allegations of the complaint. Defendant included as "other affirmative matter" that he was "in process [*sic*] of modification of the loan" and that he "need[ed] more time to complete it." Thereafter, plaintiff moved for summary judgment against him and the circuit court entered a briefing schedule on plaintiff's motion. Defendant did not respond. Then, on August 5, 2009, the circuit court granted plaintiff's motion for summary judgment and entered the judgment of foreclosure. At no point during these proceedings did defendant raise plaintiff's lack of standing as an affirmative defense.

¶ 39    Subsequent to the entry of the judgment of foreclosure, the circuit court stayed enforcement of the judgment due to the discovery that the mortgage had been released. On September 14, 2010, plaintiff filed a three-count amended complaint which alleged counts for declaratory judgment, rescission, and judgment of foreclosure. In January and February 2012, defendant filed his answer to the amended complaint in which he denied each allegation. Again, defendant did not assert any affirmative matters.

¶ 40    While defendant had two opportunities in this matter to raise the affirmative defense of lack of standing in his answers, he failed to do so. Moreover, defendant participated in litigating this matter over the course of seven years and, in so doing, received numerous benefits including an extension of the redemption period to January 1, 2014, and numerous stays of the sale of the property. See *Barnes*, 406 Ill. App. 3d at 6-7 (the defendant failed to timely raise the standing issue before the circuit court where she failed to answer the complaint, was defaulted, and thereafter participated in the proceedings by successfully petitioning the court for a continuation of the sale and raised the plaintiff's lack of standing in response to the motion to confirm the sale). While defendant maintains he raised the issue of standing during the underlying litigation, our review of the record reveals that defendant did not timely challenge plaintiff's standing as mortgagee. Instead, the majority of the dispute below involved the validity of the release with plaintiff contending JPMorgan did not have the authority to release the mortgage on defendant's property and with defendant asserting JPMorgan did have such authority. Accordingly, we conclude that defendant waived the affirmative defense of lack of standing as he (1) failed to raise it in either of his answers, (2) participated in the proceedings and received a benefit therefrom, and (3) did not raise plaintiff's lack of standing to foreclose until he presented that argument in his response to the

---

[6]We note that Rule 113 provides that, "[i]n addition to the documents listed in section 15-1504 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504 *et seq.*), a copy of the note, as it currently exists, including all indorsements and allonges, shall be attached to the mortgage foreclosure complaint at the time of filing" and does not require assignments to be attached. Ill. S. Ct. R. 113(b) (eff. May 1, 2013) (declining to require that a mortgage foreclosure plaintiff attach assignments to the complaint). Rule 113, however, expressly applies only to those mortgage foreclosure actions filed on or after the rule's effective date: May 1, 2013. Ill. S. Ct. R. 113(a) (eff. May 1, 2013). As this action was commenced on November 25, 2008, Rule 113 is inapplicable.

motion to confirm the sale. See *Avdic*, 2014 IL App (1st) 121759, ¶ 34; *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 26.

¶ 41 Even assuming for the sake of argument that defendant did not waive the affirmative defense, it was defendant's burden to plead and prove that plaintiff lacked standing at the time the complaint was filed. See *Lebron*, 237 Ill. 2d at 252. Thus, he needed to present evidence that the assignment did not occur before the complaint was filed. See *Garner*, 2013 IL App (1st) 123422, ¶ 28 (written assignment of mortgage, dated four days after a mortgage complaint was filed, was not sufficient to prove that a plaintiff lacked standing on the date the foreclosure complaint was filed); but see *Gilbert*, 2012 IL App (2d) 120164, ¶¶ 21, 24 (assignment dated several months after the foreclosure complaint was filed was sufficient evidence that the plaintiff lacked standing at the time the foreclosure action was commenced). Defendant's only evidence in this case is an assignment from the original mortgagee, Long Beach Mortgage Company, to plaintiff that was executed on December 9, 2008, two weeks after the original complaint was filed on November 25, 2008. According to defendant, this assignment is sufficient to rebut plaintiff's *prima facie* case of lack of standing.

¶ 42 We disagree and find *Garner* to be dispositive. In that case, the defendant argued on appeal that the foreclosure plaintiff lacked standing because, while it had filed its complaint against him on September 19, 2008, the assignment of the mortgage to the plaintiff was not executed until September 23, 2008, a few days later. *Garner*, 2013 IL App (1st) 123422, ¶ 22. The reviewing court held the defendant failed to prove his affirmative defense that the plaintiff lacked standing. *Id.* The reviewing court found the defendant failed to meet his burden of proof, as the defendant produced only "a document entitled 'Assignment of Mortgage,' which was dated September 23, 2008, four days after the complaint was filed in this cause." *Id.* ¶ 25. The *Garner* court observed that "Illinois courts have long held that a mortgage assignment may be oral or written" and that "[e]ven when a written assignment exists, it may be a mere memorialization of an earlier transfer of interest." *Id.* (citing *Klehm v. Grecian Chalet, Ltd.*, 164 Ill. App. 3d 610, 616 (1987), *Buck v. Illinois National Bank & Trust Co.*, 79 Ill. App. 2d 101, 105-06 (1967), and *Gilbert*, 2012 IL App (2d) 120164, ¶ 24). Thus, while the defendant produced the assignment, he did not establish when the interest in the property was transferred to the plaintiff. *Id.* According to the court, defendant "failed to show that the mortgage assignment he produced was not a mere memorialization of a previous transfer." *Id.* The *Garner* court suggested that the defendant could have proven when the plaintiff obtained its interest in the mortgage through depositions or interrogatories but noted the defendant did not "[take] those steps." *Id.* Similarly, defendant here produced an assignment of the mortgage, which was dated December 9, 2008, two weeks after the foreclosure complaint was filed. Defendant produced no other documentation evidencing plaintiff's lack of standing, despite having been provided with an ample opportunity to participate in discovery. Accordingly, defendant failed to establish when the interest in the property was transferred to plaintiff. See *id.*

¶ 43 Defendant relies solely on *Gilbert*, a Second District case, to support his position that "[p]laintiff has not sufficiently demonstrated that it received an assignment from the original lender prior to foreclosing." The First District in *Garner*, however, criticized *Gilbert* as applying an inappropriate burden of proof. See *Garner*, 2013 IL App (1st) 123422, ¶ 28 (discussing *Gilbert*, 2012 IL App (2d) 120164, ¶ 17). In *Gilbert*, the Second District held that, after the defendant in that case had made a *prima facie* showing that the plaintiff lacked

standing, the burden shifted to the plaintiff who failed to rebut the defendant's evidence. *Gilbert*, 2012 IL App (2d) 120164, ¶ 17. The *Garner* court noted that in support of "this burden-shifting scheme" the *Gilbert* court cited a case that concerned neither standing nor foreclosure proceedings, but rather addressed the return of a deposit and the "burden of *persuasion* on a motion for summary judgment." (Emphasis in original.) *Garner*, 2013 IL App (1st) 123422, ¶ 28.

¶ 44    We agree with the *Garner* court that *Gilbert* runs contrary to our supreme court's repeated holdings that lack of standing is an affirmative defense that defendant alone has the burden to plead and prove. See *id.* (citing *Lebron*, 237 Ill. 2d at 252, *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004), and *Chicago Teachers Union, Local 1 v. Board of Education of the City of Chicago*, 189 Ill. 2d 200, 206 (2000)). One district of the appellate court is not bound to follow the decision of another district when the district has made a determination of its own contrary to that of another district or there is a split of authority among districts. *Czarobski v. Lata*, 371 Ill. App. 3d 346, 351 (2007). Moreover, "[t]he doctrine of *stare decisis* expresses the policy of the courts to stand by precedents and not to disturb settled points." *Clark v. Children's Memorial Hospital*, 2011 IL 108656, ¶ 102. *Stare decisis* requires a court to follow the decision of a superior court; it does not bind courts to follow the decisions of equal or inferior courts. *O'Casek v. Children's Home & Aid Society of Illinois*, 229 Ill. 2d 421, 440 (2008). "Thus, the opinion of one district, division, or panel of the appellate court is not binding on other districts, divisions, or panels." *Id.* In this instance, while our supreme court has not addressed the issue of whether an assignment in a mortgage foreclosure matter recorded after the complaint is filed is enough to shift the burden of proof back to the plaintiff, it is well-settled that it is a defendant's burden to plead and prove standing as an affirmative defense. See *Lebron*, 237 Ill. 2d at 252. Notably, the *Gilbert* defendant, unlike defendant here, raised the affirmative defense of lack of standing in his answer to the complaint. *Gilbert*, 2012 IL App (2d) 120164, ¶ 6. We respectfully disagree with the Second District's determination regarding the defendant's burden in pleading and proving the affirmative defense of lack of standing and, therefore, find defendant's reliance on *Gilbert* to be misplaced.

¶ 45    While defendant is correct that plaintiff "could have alleviated this entire situation by properly affixing the correct assignment of mortgage at the time the suit was filed," that is not the law in Illinois. At the time the foreclosure action was filed, all plaintiff needed to attach to the complaint were copies of the mortgage and note. See *Korzen*, 2013 IL App (1st) 130380, ¶ 24; 735 ILCS 5/15-1504 (West 2008). The burden then shifted to defendant to plead and prove plaintiff's lack of standing. See *Lebron*, 237 Ill. 2d at 252. As previously discussed, the assignment does not establish when the interest of the property was actually transferred to plaintiff. See *Garner*, 2013 IL App (1st) 123422, ¶ 25. Moreover, our supreme court rules now, and at the time the complaint was filed, do not require a plaintiff to attach assignments to the complaint. See Ill. S. Ct. R. 113 (eff. May 1, 2013). In fact, the committee comments to Rule 113 indicate that while the committee considered requiring the attachment of assignments in the interest of judicial economy, "due to industry changes in the documentation requirements for mortgage assignments over the past two decades, a requirement to attach all copies of assignments to the complaint at the time of filing proved to be impractical and overly burdensome for practitioners given the current volume of foreclosures statewide." Ill. S. Ct. R. 113, Committee Comments (adopted Feb. 22, 2013). For these reasons, we conclude that the

circuit court did not abuse its discretion when it confirmed the order approving the sale.

¶ 46                                     CONCLUSION
¶ 47           For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 48           Affirmed.